E-FILED
Wednesday, 29 March, 2023  11:46:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONARDO MCCRAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-4015 |
| | ) | |
| CODY WATERKOTTE, et.al., | ) | |
| Defendants | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [6].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough

1

facts must be provided to "'state a claim for relief that is plausible on its face.'"
*Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff identifies seven Rushville Defendants including Internal Affairs Officer Cody Water Kotte, Clinical Director Shane Jumper; Therapists Gerald Carreon and Angela Holt; and Security Therapy Aides Curtis Parson, Andrea Cobb, and Karen Smith. (Comp.); February 22, 2023 Text Order.

Plaintiff says on January 8, 2023, he was involved in a "physical altercation" with another Rushville resident. (Comp, p. 1).  The other inmate was taken to the Health Care Unit, but Plaintiff was put in a cell.  Plaintiff says he asked Defendant Smith to see medical staff, but his request was denied.  Plaintiff does not claim he suffered any specific injury, nor does he indicate what medical care he needed.

The next day, a security therapy aide took Plaintiff to internal affairs to discuss the incident.  Plaintiff says Defendant Water Kotte began by advising Plaintiff of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436(1966).  Plaintiff says he was confused and asked if he was under arrest, and the Defendant said "yes." (Comp. p 2).  Plaintiff told Defendant Water Kotte it was Defendant's job to investigate, and he had no authority to read the Miranda warning or make an arrest.  Nonetheless, the Defendant instructed Plaintiff to sign a document indicating he had received the warning.

Plaintiff apparently chose not to speak with the Defendant.  Instead, Plaintiff says he was taken to the Health Care Unit and then moved to a different housing unit. Plaintiff again does not indicate any injuries or treatment received.

2

Plaintiff then received a notice he was to appear before the Behavior Committee. Plaintiff has provided a copy of the notice which indicates Plaintiff was accused of "Fighting or Intimidation or Threats or Insolence of Violation of Rules." (Comp, p. 5). Plaintiff was advised his appearance before the committee was optional unless he was on Special Management status.  Plaintiff was further advised he could call witnesses or present written documentation or statements.

Plaintiff appeared before the Behavior Committee on January 10, 2023. Defendants Jumper, Carreon, Parson, and Winter Kotte were in attendance.  Plaintiff was again read the Miranda warning, but Plaintiff says he refused to talk and wanted an attorney.

A January 12, 2023 Behavior Committee report indicates the committee reviewed an incident report and "resident account," and decided to defer any decision. (Comp, p. 6). The report indicates Plaintiff did not request any witnesses.

> Resident indicted that he is aware that Miranda rights read to him the other day are still in place and these rights were again read to him and he indicated he understood and then stated when asked that he did not want to speak with us without an attorney.  Resident asked what kind of charges would be relevant in this case and was told that details of the investigation would not be discussed with him. (Comp., p. 7)

The report also lists Plaintiff's behavior issues over the previous six months. The committee notes Plaintiff will remain "on special management pending resolution of potential criminal charges." (Comp, p. 6).  In addition, Plaintiff is to maintain regular contact with the treatment team.  The initial Behavior Committee report is signed by Defendants Jumper, Carreon, and Parsons.

3

On January 17, 2023 and January 19, 2023, Plaintiff refused to appear before the Behavior Committee because he did not have an attorney.

Plaintiff says he ultimately received a summary report which found him guilty of battery.  Plaintiff says battery was not listed as a rule violation and he did not have the opportunity to present his side of the story.  However, the report also indicates the Plaintiff was given the opportunity to appear, but he chose not to without an attorney.  In addition, while the report adds "Battery" as a rule violation, it is not clear Plaintiff was found guilty since there is no indication of any recommended or imposed discipline. (Comp., p. 11).

 The Court takes judicial notice the Schuyler County States Attorney filed criminal charges against the Plaintiff on January 31, 2023.[1]  Plaintiff is charged with felony, aggravated battery of an individual over 60 years old for the incident at Rushville on January 8, 2023.  A public defender was appointed to represent Plaintiff.

Plaintiff concludes his complaint requesting damages.  However, Plaintiff has provided only a chronology of events.  He has not stated how he believes his constitutional rights were violated, nor has he clearly alleged any federal violation.

As noted, Plaintiff has not articulated a claim based on delay or denial of medical care since he has not alleged he suffered from a serious medical condition.

In addition, Plaintiff has not articulated a constitutional violation based on the disciplinary hearing. The Supreme Court has held similar proceedings, such as prison

---

[1] JUDICI, Shuyler County, https://www.judici.com/courts/cases/case , (last visited March 27, 2023)

disciplinary hearings, are not criminal proceedings and an inmate or detainee does not have the right to retained or appointed counsel in those proceedings. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 316 (1976).  In addition, the Fifth Amendment privilege against self- incrimination typically does not apply to such disciplinary hearings. *Id* at 316. However, a prisoner or detainee may claim the privilege at a disciplinary hearing "where the answers might incriminate him in future criminal proceeding**.**" *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973).

In this case, Plaintiff was explicitly warned any statements he gave could be used in future criminal proceedings and he was specifically given Miranda warnings any time he was asked about the incident. *See Baxter*, 425 U.S. at  315 (prisoners' statements at disciplinary hearings are not admissible in criminal cases unless prisoners have first received *Miranda* warnings, but *Miranda* warnings not required for prisoners' statements in disciplinary hearings).

Plaintiff chose to exercise his Fifth Amendment right not to speak to the Behavior Committee and there is no indication he was punished based only on failing to speak. Plaintiff's decision to exercise his Fifth Amendment rights does not mean he was also entitled to have an attorney for his disciplinary hearing. *See ie. Dabney v. Anderson*, 92 F.Supp.2d 801, 803 (N.D.Ind. March 30 2000)(plaintiff argues "because statements he might have made at the hearing could have been used later in the state court prosecution for the same conduct, that he should have been appointed an attorney. This argument must fail.").

Finally, for clarification, while Rushville staff may have investigated the January 8, 2023 incident and provided information, only the State' Attorney could decide whether to file criminal charges.

It is not clear whether the Plaintiff can articulate a constitutional violation. Nonetheless, since Plaintiff is proceeding pro se, the Court will allow him one opportunity to file an amended complaint. The amended complaint must stand complete on its own, must include all claims against all Defendants, and must not refer to the previous complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a constitutional violation. *See* 28 U.S.C. § 1915(d)(2).

2) If Plaintiff believes he can articulate a constitutional violation, he may file an amended complaint on or before April 20, 2023. The pleading must be titled "Amended Complaint" and must include all claims and Defendants without reference to the initial complaint. Failure to file an amended complaint on or before the deadline will result in the dismissal of this case.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his claims [4]. Plaintiff is reminded he must demonstrate he has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

4) The Clerk of the Court is directed to reset the internal merit review deadline

within 21 days of this order.

ENTERED this 29th day of March, 2023.

s/ James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE