UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONARDO MCCRAY, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-4015 |
| | ) | |
| CODY WATERKOTTE, et.al., | ) | |
|    Defendants | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [12].

The Court dismissed Plaintiff's initial complaint for failure to articulate a constitutional violation. *See* March 29, 2023, Case Management Order. Although it was unclear whether Plaintiff could cure the deficiencies in his pleading, the Court allowed the pro se litigant additional time to file an amended complaint. Plaintiff has now complied, and his motion is granted pursuant to Federal Rule of Civil Procedure 15. [12].

The Court notes Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [6]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff again names Internal Affairs Officer Cody Water Kotte and Security Therapy Aides Curtis Parson and Karen Smith as Defendants, but he has also added Program Director Greg Donathan, Security Director William Epperson, Nursing Director Heather Hogan, and Security Therapy Aid (STA) Gary Kuhlan. Plaintiff also chose not to include four former Defendants: Clinical Director Shane Jumper, STA Andrea Cobb, and Therapists Gerald Carreon and Angela Holt. Therefore, the Court will dismiss these individuals.

Plaintiff's amended complaint repeats some of the same claims previously considered and dismissed. For instance, Plaintiff again takes issue with Defendant Internal Affairs Officer Water Kotte questioning him on January 9, 2023, the day after he had a "physical altercation" with another resident. (Amd. Comp., p. 1). The Defendant read Plaintiff the warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436(1966), and Plaintiff chose not to answer questions. Plaintiff asked if he was going to face criminal

2

charges, and Defendant Water Kotte said yes, but he was unsure what the charges would be until he spoke with the states attorney.

Plaintiff believes law enforcement officers should have conducted any interview or investigation. Plaintiff also notes he received the *Miranda* warnings again when he was called before the Behavior Committee, but he again chose not to answer any questions and asked for an attorney.

As previously noted, the Schuyler County States Attorney filed criminal charges against the Plaintiff on January 31, 2023, charging him with felony, aggravated battery of an individual over 60 years old. *See* March 29, 2023 Order, p. 4, FN1. A public defender was appointed to represent Plaintiff and the case is still pending.

As the Court previously explained, the Rushville disciplinary proceedings are not criminal proceedings and Plaintiff did not have a right to retained or appointed counsel. *Baxter v. Palmigiano,* 425 U.S. 308, 315, 316 (1976). In addition, the Fifth Amendment privilege against self- incrimination typically does not apply to such disciplinary hearings. *Id* at 316. However, a prisoner or detainee may claim the privilege at a disciplinary hearing "where the answers might incriminate him in future criminal proceeding." *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973).

In this case, Plaintiff was explicitly warned any statements he gave could be used in future criminal proceedings and he was specifically given *Miranda* warnings any time he was asked about the incident. *See Baxter,* 425 U.S. at 315 (prisoners' statements at disciplinary hearings are not admissible in criminal cases unless prisoners have first received *Miranda* warnings, but *Miranda* warnings not required for prisoners'

3

statements in disciplinary hearings). In addition, his decision to exercise his Fifth Amendment right not to speak did not entitle Plaintiff to have an attorney at his disciplinary hearing. *See ie. Dabney v. Anderson*, 92 F.Supp.2d 801, 803 (N.D.Ind. March 30 20000.

Finally, as the Court previously explained, while Rushville could investigate and provide information, only the State' Attorney could decide whether to file criminal charges. *See* March 29, 2023 Order, p. 6. Plaintiff's disagreement with the involvement of the Internal Affairs Officer does not equate to a constitutional violation.

Plaintiff has also added three new claims in his amended complaint.  First, Plaintiff has provided additional information concerning his request for medical care immediately after the January 8, 2023, altercation.  Plaintiff previously claimed Defendant Smith denied his request to see medical staff, but he did not identify any injury, nor what medical care was needed. Plaintiff now says he was ultimately diagnosed with a fractured right hand.  Plaintiff does not state who long he went without care.  However, for purposes of notice pleading, Plaintiff has alleged Defendant Smith violated his Fourteenth Amendment rights when she delayed medical care.

Plaintiff next claims the Behavior Committee violated his due process rights when they decided to defer their decision on discipline to see if criminal charges were filed, and Plaintiff was forced to remain in the most restrictive housing status or special management status during this time.  Plaintiff says, "the issue is" Rushville is not a prison and "is designed to be a least restrictive, non-punitive environment." (Amd.

4

Comp, p. 3). Therefore, allowing the facility to place a resident on special management status, or segregation, is a violation of his constitutional rights.

Plaintiff has not articulated a Fourteenth Amendment violation. Plaintiff admits he was moved to the more restrictive status after a physical altercation with another resident, and law enforcement was considering the imposition of criminal charges based on Plaintiff's behavior. In addition, Plaintiff did not allege an extensive period of time on special management status.

 "Procedural due process protections are triggered only when the deprivation suffered is constitutionally significant. Demotions in status and the loss of some privileges are not the kind of significant deprivations that trigger procedural due process protections." *Brown v. McAdory*, 2011 WL 6016369, at *2 (C.D.Ill. Dec. 2, 2011)(placing Rushville detainee in segregation pending review "of disciplinary charge alleging threatening and intimidating behavior does not violate Plaintiff's procedural due process rights."); *Townsend v. Fuchs,* 522 F.3d 765, 711 (7th Cir. 2008)(holding that involuntary detainees have no liberty interest in avoiding transfer to discretionary segregation imposed for protective purposes); *Bell v. McAdory*, 2014 WL 3907796, at *5–6 (C.D.Ill  Aug. 11, 2014)( Court finds that Defendants did not violate plaintiff's due process claims by keeping him in the Special Management Unit and the infirmary for an extended period of time).

Finally, Plaintiff claims he saw an outside orthopedic surgeon for his injured hand on February 1, 2023. Plaintiff claims the outside doctor stated Plaintiff's right hand should not be placed in cuffs or black box restraints. Nonetheless, Defendant

5

Gary Kulhan used both on Plaintiff on March 1, 2023.  Plaintiff informed the Defendant the restraints should not be used for medical reasons. Defendant Kulhan asked who issued an order concerning restraints, and Plaintiff noted it was an outside doctor. Defendant Kulhan told Plaintiff such orders had to come from the facility doctor and advised Plaintiff to speak to the doctor to address his concerns.

Plaintiff signed up for sick call and a nurse told him the facility doctor could not write an order concerning black box restraints.  Plaintiff then asked for a copy of the outside doctor's recommendations, and he claims the unidentified nurse told him Defendants Kulhan and Parsen told the Defendant Director of Nursing to remove the record.

Plaintiff may not proceed with this claim.  First, Plaintiff may not use the opportunity to file an amended complaint to clarify his claims to bring a new, unrelated allegation and avoid payment of the filing fee.  Plaintiff did not mention an issue with restraints in his initial complaint, nor could he since the incident occurred after he filed his initial complaint.

Second, whatever Plaintiff's intended claim against Defendants Kulhan and Parsen, it is unrelated to his claim against Defendant Smith and therefore cannot be combined in the same complaint. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2).

Finally, Plaintiff has filed a motion for appointment of counsel. Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot

require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys contacted, or copies of letters sent or received. This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021); *citing Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017).  Plaintiff instead alleges he cannot look for counsel due to the restrictions of segregated confinement.

Plaintiff has not adequately demonstrated he is precluded from attempting to find counsel on his own.  Prisoners and detainees in segregated confinement frequently request counsel and are able to demonstrate they have attempted to find pro bono counsel by sending letters.  Plaintiff also has appointed counsel in one of his other pending cases and could discuss representation with his attorney. *See McCray v. Rose*, Case No. 20-4935.  The motion is denied with leave to renew. [13].

IT IS THEREFORE ORDERD:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant STA Karen Smith was deliberately indifferent to his serious medical condition when she delayed care for a fractured wrist. The claim is stated against the Defendant in her individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a

change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15, [12]; 2) Grant Plaintiff's motion for leave to proceed in forma pauperis, [6]; 3) Deny Plaintiff's motion for appointment of counsel with leave to renew, [13]; 4) Dismiss all Defendants Except STA Karen Smith for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 5) Attempt service on Defendant Smith pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 7) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 18th day of April, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE